

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2021

**BY ECF and EMAIL**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Gregory Dwyer*, 20 Cr. 500 (JGK)

    The Government respectfully submits this letter with respect to the trial schedule for the above-referenced defendant. The Government respectfully requests that the Court order Dwyer tried on the same schedule as his co-defendants, with trial to commence on March 30, 2022, and for the defendant to file pre-trial motions at an appropriate time beforehand. The parties have conferred but the defendant has not consented to this proposal, and has requested a trial date in October 2022.[1]

    **I.**    **Relevant Background**

    During the CFTC's investigation of the matters in their civil complaint, the CFTC took sworn investigative testimony from Dwyer in April 2019. During that testimony, attorneys with the CFTC asked Dwyer dozens of questions regarding his employment at BitMEX, and touched on issues that would later form the background for the charges in the Indictment.

    The Government arrested Samuel Reed, and unsealed the Indictment against all the defendants, on or about October 1, 2020. The Government had conversations with counsel for defendants Hayes, Delo, and Dwyer almost immediately thereafter, regarding, among other things, the potential for their clients to surrender to U.S. authorities.

    The Government began producing discovery to defendant Reed soon thereafter. Ben Delo self-surrendered on March 15, 2021, and the Government ensured Delo had access to the documents relevant to himself and those previously produced to Reed, and to future productions. Arthur Hayes was arrested April 6, 2021, and once again the Government ensured Hayes had access to the documents relevant to himself and those previously produced to Reed and Delo, and to future productions. On May 7, 2021, the Government provided to defendants Delo and Hayes

---

[1] If the Court schedules a trial for October, the Government requests that the trial commence after Tuesday, October 18th, which is Simchat Torah, the last day of the Jewish holiday season.

detailed letters answering specific questions that these defendants had raised regarding the discovery productions. Dkt. No. 174, Exs. C & D (these letters were filed by the defendants in support of their motion for a bill of particulars).

On May 11, 2021, the Court scheduled trial for the defendants who had appeared for March 28, 2022: just over a year after Delo was arrested, and just under a year after Hayes was arrested.

Soon after the Indictment was unsealed, the Government began discussions with Dwyer's counsel regarding a potential surrender. Ultimately, Dwyer did not agree to surrender as his co-defendants Hayes and Delo had. Instead, the Government sought extradition of Dwyer from Bermuda, where he was located. Dwyer was extradited to New York, where he was arraigned before the magistrate court on October 20, 2021. The Court entered the same Protective Order as to the other defendants, Dkt. No. 166, and the Government promptly ensured Dwyer had access to the documents relevant to himself and those previously produced to Reed, Delo, and Hayes, and has provided the other recent productions to Dwyer. On November 12, 2021, the Government provided to Dwyer a detailed letter answering specific questions he had raised regarding the discovery productions.

As the Court knows, the Government is preparing for the trial, now scheduled March 30, 2022. As the Court is aware, at least one of the witnesses the Government may call is a witness who lives overseas ("Witness-1"). *E.g.* Dkt. No. 111 at 23. The Government also intends to call other witnesses to testify against Hayes, Delo, and Reed, many of whom live outside of New York state. Many of these witnesses will testify about statements made to them by those defendants, and also by Dwyer. Much of the Government's evidence against Hayes, Delo, and Reed overlaps with the Government's evidence against Dwyer.

## II.     Discussion

"There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

Those factors weigh heavily in favor of a March 30, 2022 trial here. The Government intends to call numerous witnesses, including many from outside New York and some from outside the country, to testify against Hayes, Delo, Reed, and Dwyer. If the Court severs Dwyer from his co-defendants, those witnesses will have repeat the "inconvenience" of testifying before this Court. More importantly, allowing Dwyer to proceed alone, after seeing the Government's proof, would "randomly favor[]" him for no reason other than his delayed arrival. *Richardson*, 481 U.S. at 210. It would also "avoid[] the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537.

None of the arguments proffered by Dwyer's counsel to the Government or the Court overcome these simple facts. While Dwyer will have less time to prepare than his co-defendants had, Dwyer has been aware of investigations into BitMEX since at least April 2019, when he answered extensive questions from the CFTC under oath, and he has been specifically aware of the charges in the Indictment for the same amount of time as his co-defendants. The Government understands that Dwyer is part of a joint defense group with his co-defendants, meaning trial preparation will less burdensome than in a single-defendant case. Dwyer is represented by a respected and talented legal team, with three partners and multiple associates. The partners include a longtime Federal Defender and two former unit chiefs within this Office. There is no indication that these experienced attorneys will not be able to prepare by March 30, 2022, more than a year after Dwyer received notice of the Indictment and charges in this case and more than five months after Dwyer was arraigned and received discovery in this case. *See, e.g.*, *United States v. Kevin*, No. 97 CR. 763 JGK, 1999 WL 194749, at *8 (S.D.N.Y. Apr. 7, 1999) (denying severance motion when defendant had "four months from the date of his arraignment to . . . prepare for trial" when the defendant "has not alleged, nor could he, that this was an insufficient time to prepare effectively for trial."). To the extent that co-defendants Delo and Hayes have more time to prepare for trial, that is due to their agreement to surrender promptly and face charges, a choice that was available to Dwyer.

### III.    Conclusion

Accordingly, the Government respectfully requests an order setting Dwyer's case for trial on March 30, 2022.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _/s/_____
Samuel Raymond
Jessica Greenwood
Thane Rehn
Assistant United States Attorneys
(212) 637-6519/1090/2354

cc: Counsel for Greg Dwyer (via ECF)