# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 929.294.2540
DIRECT EMAIL jdabbs@kaplanhecker.com

December 9, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Gregory Dwyer*, No. 1:20-cr-500 (JGK)

Dear Judge Koeltl:

We submit this letter in response to the government's reiterated request that the Court order our client, Gregory Dwyer, to proceed to trial in March 2022, over our objection that more time is necessary to adequately prepare Mr. Dwyer's defense. Dkt. 216. The parties argued their positions on severance at a hearing before Your Honor on November 23. The Court recognized the default preference for joint trials but noted that, "on the other hand, it's important to protect the rights of a defendant to assure that the defendant has had adequate opportunity to prepare for trial." Nov. 23, 2021 Tr. at 24:2-9. Recognizing that "the other defendants have had over a year before Mr. Dwyer has been here to review the evidence [and] prepare for trial," Your Honor stated that "I would be inclined at this point to sever Mr. Dwyer from the trial in March," and directed the parties to consult on an appropriate alternative schedule. *See id.* at 24:11-20.

While the Court invited any additional necessary briefing, *see id.* at 25:22-24, the government's December 9 letter only reiterates their arguments from the November 23 hearing. It provides no additional factual or legal bases for the Court to reconsider its initial inclination to provide Mr. Dwyer with roughly the same opportunity for pre-trial preparation as his co-defendants who entered these proceedings much earlier and who are substantively differently situated. And it ignores that, after Your Honor's statement about the Court's inclination to sever Mr. Dwyer's trial at the November 23 hearing, the government has engaged in significant motion practice with Mr. Dwyer's three co-defendants – further prejudicing Mr. Dwyer's participation in the same forthcoming trial and underscoring the need for severance.[1] We respectfully request the Court to order a trial date, subject to its availability, in October 2022, a month mutually available to the parties.

---

[1] While Mr. Dwyer's co-defendants recently filed motions *in limine* that were limited to their own interests and positions and not Mr. Dwyer's, the government's recently filed motions are styled as applying to all four defendants, Mr. Dwyer included. We respectfully request clarification from the Court to ensure that Mr. Dwyer is not expected to respond to the government's recently filed motions, given that no schedule has yet been set for Mr. Dwyer's substantive or *in limine* motions.

**Brief Background**

The parties presented their arguments on severance at the November 23 hearing, so we only briefly underscore the facts most relevant to Mr. Dwyer's request to have substantially the same opportunity to prepare for trial as his earlier-entered co-defendants. *See* Nov. 23 Tr. at 24 ("So, Mr. Dwyer comes in at this point with a year less opportunity to prepare for trial, and I set a reasonable trial date in light of everything that had to be done to prepare for trial. And now I have a defendant who's been added to the case who has a year less. So I would be inclined at this point to sever Mr. Dwyer from the trial in March.").

The government unsealed its indictment of Mr. Dwyer and his co-defendants in October 2020. Dkt. 3. We contacted the government almost immediately thereafter and offered that Mr. Dwyer would waive extradition and return voluntarily to the United States, where his wife and children live, if the government would define the boundaries of its allegations by offering him specialty protection. The government declined this proposal, as was its prerogative. Given Mr. Dwyer's interest in resolving this matter, we made clear that Mr. Dwyer would not contest any extradition sought by the government and agreed upon a bail package with the government in anticipation of Mr. Dwyer's arrival following an uncontested extradition. While there is no dispute that the government was entitled to its choice of procedure,[2] its decisions caused Mr. Dwyer to arrive in the United States for these proceedings one year after his first co-defendant and six months after all three co-defendants had been presented, and five months after the Court entered the co-defendants' March 2022 trial date.

In the meantime, we had no meaningful access to discovery save for limited non-sensitive disclosure materials we received in August 2021—and the government conducted extensive substantive and discovery-related motion practice with Mr. Dwyer's co-defendants. We obtained access to the entirety of the discovery produced to Mr. Dwyer's co-defendants over the previous year—twenty-two productions consisting of more than 500,000 documents—on October 29, 2021.

It was the government's prerogative to decline to agree to specialty protection and not to provide discovery in advance of Mr. Dwyer's appearance in this District. But these choices have created a situation where, as Your Honor noted at the November 23 hearing, "the other defendants have had over a year before Mr. Dwyer has been here to review the evidence [and] prepare for trial." Nov. 23 Tr. at 24:11-13.

**Discussion**

The Court "recognize[d] the importance of joint trials," but duly considered that "it's important to protect the rights of a defendant to assure that the defendant has had adequate opportunity to prepare for trial." *See* Nov. 23 Tr. at 24:2-20; *see also, e.g.*, *United States v. Tuzman*, 301 F. Supp. 3d 430, 437 n.2 (S.D.N.Y. 2017) (granting defendant severance "to provide his counsel with sufficient time to prepare for trial").

---

[2] Ultimately Mr. Dwyer was extradited on precisely the same charges that were filed at the inception of the case, so the government and Mr. Dwyer are effectively in the same position from a charging perspective that they would have been in had the government been willing to extend specialty protection over a year ago.

While his co-defendants will have had between a year and a year and a half to prepare for trial, Mr. Dwyer will have had approximately five months. In between, the government and his co-defendants' engaged in substantial motion practice that will shape the contours of the March 2022 trial without Mr. Dwyer's participation. Mr. Dwyer is also substantively differently situated from his earlier-entered co-defendants, who founded and owned the business at which Mr. Dwyer was an employee focused on business development. Mr. Dwyer therefore will not only be reviewing the same voluminous discovery, but he also expects to make unique pretrial motions in advance of a trial defense with certain distinct facts and themes. *See United States v. Hameedi*, No. 17 Cr. 137 (JGK), 2017 WL 5152991, at *3 (S.D.N.Y. Nov. 3, 2017) ("In deciding a motion for severance, a court must consider, among other factors: (1) possible conflicts between defense theories, (2) the possibility that the moving defendant will be prejudiced by a joint trial, and (3) the complexity of a joint trial, including the number of defendants, the estimated trial length, disparities in proof offered against the various defendants, and the defendants' differing roles in the alleged criminal schemes."). The interests of justice strongly favor setting a later trial date that enables Mr. Dwyer to prepare an adequate defense.

None of the government's reiterated arguments, nor its single additional authority, change this calculus. *First*, their letter states that there is "no indication" that the undersigned counsel require more time to prepare Mr. Dwyer's defense, Dkt. 216 at 3, despite our contrary assertion and elaboration on that point at the November 23 hearing. *See* Nov. 23 Tr. at 21-23.

*Second*, the government suggests that a truncated opportunity to prepare for trial is the price Mr. Dwyer should pay for participating in *uncontested* extradition proceedings the government could equally have avoided. *See* Dkt. 216 at 3. For one thing, the government's statement is a contentious characterization of the relevant background. As described briefly above, Mr. Dwyer offered immediately after the unsealing of his indictment to waive extradition for specialty protection,[3] and when he arrived nearly a year later after the government's choice to conduct extradition proceedings, he was released on the same bail conditions we had proposed, and arraigned on the same charges that were unsealed, a year earlier. For another thing, the Court made clear at the November 23 hearing that "the parties' positions with respect to extradition" should not affect the decision on Mr. Dwyer's trial schedule. Nov. 23 Tr. at 23:24-24:2.

*Third*, the government's single additional authority misses its mark. In *United States v. Kevin*, No. 97-cr-763 (JGK), 1999 WL 194749 (S.D.N.Y. Apr. 7, 1999), Your Honor denied a severance motion made on the entirely different ground that a defendant was prejudiced in a potential effort to become a cooperating witness by a 121-day delay between his entering federal custody and his arraignment on federal charges. *See id.* at *8. The Court denied the motion, finding that the defendant "suffered no prejudice" and that the purported injury to his cooperation efforts was "too speculative." *Id.* at *7. Most importantly for present purposes, the defendant's delayed arraignment "ha[d] not prejudiced his preparation for trial"—an argument the defendant *did not even raise*—including because "there [was] not a significant amount of discovery for any defendants in [that]

---

[3] Mr. Dwyer made the same offer on at least two additional occasions prior to the commencement of, and during, the extradition proceedings. Once his extradition was ordered by the Bermuda authorities, he also offered to travel voluntarily to the United States on a very short timeline rather than await the scheduling of transportation by the U.S. Marshals Service. Each of these overtures was rejected by the government.

case." *Id.* at *8. *Kevin* simply has no bearing on Mr. Dwyer's need for a later trial date to adequately prepare his defense against complex charges premised on voluminous discovery.

**Conclusion**

We respectfully request that the Court order a trial date in October 2022. (We understand the government is available to proceed then and we are, of course, amenable to accommodating any religious observances by the government's counsel. *See* Dkt. 216 at 1 n.1.) The parties are due to appear before Your Honor for a conference on January 20, 2022, Dkt. 71, at which we will be prepared to discuss our contemplated motions and an appropriate pretrial schedule.

Respectfully submitted,

Jenna M. Dabbs
Sean Hecker
Michael Ferrara
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
jdabbs@kaplanhecker.com
shecker@kaplanhecker.com
mferrara@kaplanhecker.com

*Counsel for Gregory Dwyer*

cc: Assistant United States Attorneys Samuel Raymond, Jessica Greenwood and Nathan Rehn (via ECF)