

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 28, 2022

**BY ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Benjamin Delo and Samuel Reed*, 20 Cr. 500 (JGK)

Dear Judge Koeltl:

  The Government respectfully submits this letter pursuant to the Court's order dated February 28, 2022 and in advance of the *Curcio* hearing for defendants Samuel Reed and Benjamin Delo. On February 28, 2022, Patrick Smith, Andrew Rodgers, and Selbie Jason, who represent Delo, filed a letter informing the Court that they have been retained to also represent Reed. The letter stated that both Reed and Delo have executed written waivers and asked the Court to schedule a *Curcio* hearing. On February 28, 2022, the Court scheduled a *Curcio* hearing for March 1, 2022, at 3:00 p.m., and asked the defense to provide the Court with both defendants' written waivers of the conflict. Both Delo and Reed must be given an opportunity to consider the conflict issues at a *Curcio* hearing before the Court determines whether to accept their waivers. *See, e.g., United States v. Curcio*, 680 F.2d 881, 888 (2d Cir. 1982) ("If each defendant persists in his request for joint representation, the court must assess whether the request is, as to each defendant, knowing and intelligent."). Accordingly, the Government understands the Court's order to require both defendants to attend the March 1 *Curcio* hearing.[1]

---

[1] The defense has informed the Government that it believes only Reed needs to be present on March 1. The Government disagrees, and to the extent that Delo does not attend the March 1 *Curcio* hearing, the Government requests that the Court schedule a *Curcio* hearing for Delo as promptly as possible and wait to determine whether to accept the waivers until both defendants have been examined. *E.g., United States v. Fan*, 36 F.3d 240, 247 (2d Cir. 1994) (describing *Curcio* hearings for *both defendants* subject to potential conflict); *United States v. Sterritt*, No. 21-CR-193(KAM), 2021 WL 4237112, at *2 (E.D.N.Y. Sept. 17, 2021) (similar). Nor could Delo's written waiver suffice in lieu a *Curcio* proceeding. *United States v. Salim*, 690 F.3d 115,

Here, the proposed joint representation poses a severe potential conflict of interest, and thus a very real risk that it will result in an actual conflict of interest. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States v. Klitti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). "[S]uch a conflict might require a defendant to abandon a particular defense or line of questioning," and the defendant must "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." *Id.* (quoting *United States v. Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)). An actual conflict exists "when the attorney's and the defendant's interests diverge on a material fact or a legal issue, or when the attorney's current representation is impaired by the loyalty he owes a former client." *United States v. Leslie*, 103 F.3d 1093, 1098 (2d Cir. 1997).

These risks are clearly present here, where Delo has acknowledged by pleading guilty that BitMEX was a futures commission merchant, that he knew it had legal obligations under the Bank Secrecy Act to have an anti-money laundering program, and that he willfully caused the company to violate that law. Reed apparently intends to contest all these facts and legal issues at trial, meaning his position is directly opposed to Delo's. *Cf. United States v. Vertuccio*, No. 15-CR-174 (ENV), 2017 WL 6513676, at *4 (E.D.N.Y. Dec. 19, 2017) (disqualifying attorney from representing two defendants where "one of whom [] has pleaded guilty of the conspiracy of which the other proclaims his innocence"). In addition, Reed may attempt to defend himself at trial or request mitigation at sentencing by arguing that Delo and/or Arthur Hayes were solely responsible for the company's legal violations or that Delo was the most culpable defendant, which is in clear tension with Delo's interests and may lead counsel either to abandon his duties to Delo or to recommend that Reed "abandon a particular defense or line of questioning." *Id.* ("[t]he impropriety of . . . joint representation would be best crystallized should [the trial defendant] be convicted. Then, [the attorney] would be required to stand before the same sentencing judge and put the best face on the facts for each defendant—the impossible task of presenting facts and argument showing that each was less culpable than the other.").

If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Perez*, 325 F.3d at 125. Prior to accepting the waiver, a trial court should "the trial court should (1) advise the defendant of his right to conflict-free representation, (2) instruct the defendant as to the dangers arising from the particular conflict, (3) permit the defendant to confer with his chosen counsel, (4) encourage the defendant to seek advice from independent counsel, (5) allow a reasonable time for the defendant to make his decision, and (6) determine, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risks and freely chooses to run them. *United*

---

123 (2d Cir. 2012) (describing a *Curcio* hearing as one where "a careful judicial inquiry is required before a court may accept an *in-court* waiver of constitutional procedural rights.") (emphasis added).

Honorable John G. Koeltl
February 28, 2022
Page 3 of 9

*States v. Rodriguez*, 968 F.2d 130, 139 (2d Cir. 1992) (citing *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982)).

   Accordingly, pursuant to the Court's order, the Government has attached sets of proposed questions to be put to the defendants[2] as part of the *Curcio* inquiry.

                  Respectfully submitted,

                   DAMIAN WILLIAMS
                   United States Attorney for the
                   Southern District of New York

By: _____
    Samuel Raymond
    Jessica Greenwood
    Thane Rehn
    Assistant United States Attorneys
    (212) 637-6519/1090/2354

cc:   All Counsel of Record (by ECF)

---

[2] For simplicity's sake, the questions refer only to Patrick Smith, rather than Mr. Smith, Andrew Rodgers, and Selbie Jason.

## Proposed *Curcio* Examination of Samuel Reed

Introductory Matters

1. How old are you?
2. How far did you go in school?
3. Do you presently consult a doctor, psychiatrist, or medical professional for any condition?
4. Within the last 24 hours, have you taken any alcohol, drugs or pills of any kind?
5. Are you feeling well enough to proceed with this hearing today?

Right to Conflict-Free Counsel

6. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost.  Do you understand?
7. It is essential to the idea of an adequate defense in a criminal proceeding that your attorneys have no conflicts or adverse interests of any kind.  That is to say, they cannot, unless it is with your knowledge and consent, have any conflicting interest in the case.  You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty.  The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter.  Do you understand that?
8. This Court -- having presided as the judge in many trials in this courthouse -- believes that representation where there is a potential conflict of interest may be ill-advised.  Do you understand that?

Considerations Regarding Mr. Smith's Representation of Benjamin Delo

9. Do you understand that Mr. Smith represents Benjamin Delo in this case?
10. Do you understand that Mr. Smith has a duty of loyalty to Benjamin Delo and cannot use any information he obtained from Benjamin Delo while representing you in this matter?
11. Do you understand that Mr. Smith is required by his duty of loyalty to serve the best interests of Benjamin Delo as well as your best interests?
12. Do you understand if you are represented in this case by Mr. Smith, he cannot advise or help you in doing anything that would hurt Benjamin Delo, even if it is in your best interest to do so?
13. Do you understand that, at some point in this case, your interests may become adverse to Benjamin Delo, in light of information or confidences you may share with Mr. Smith in his representation of you?
14. Do you understand that Mr. Smith cannot help you in providing assistance to the Government that might hurt Benjamin Delo, even if it turns out that doing so might be in your best interest?

15. Do you understand that Mr. Smith may have to refrain from making certain arguments at your trial, should you decide to go to trial, or at some other proceeding, regarding the evidence in this case, even though such arguments may be beneficial to you, because of his representation of Benjamin Delo?
16. So that the Court may be sure that you fully understand these issues, please describe in your own words your understanding of the potential problems created by Mr. Smith's role as your attorney in this case and his representation of Benjamin Delo.
17. Have you had the opportunity to speak with Mr. Smith about the conflict-of-interests issues that arise because of his representation of Benjamin Delo?
18. Have you provided written consent to Mr. Smith's representation of both you and Benjamin Delo?

General Considerations

19. With respect to all of the issues I've just discussed, do you understand that you have a right to consult with a lawyer other than Mr. Smith to help you determine whether you wish Mr. Smith to represent you in this case? Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about these issues and/or to represent you?
20. It is important that you understand that no one can predict with any certainty the course that this case will take or how the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's ability to represent you will affect you. Do you understand that?
21. Do you understand that the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's representation of you in this case in ways that we have not yet discussed? Let me give you some examples. Do you understand that the restrictions on Mr. Smith may affect the way that Mr. Smith consider:
    A. Whether, and when, you should plead guilty.
    B. What defenses you should raise.
    C. Whether you should testify at trial; if there is a trial.
    D. Which witnesses should be cross-examined at trial, and what questions they should be asked.
    E. Which witnesses to call, and what other evidence to offer, on your behalf.
    F. Which arguments to make on your behalf to the jury, including the decision of whether to make any arguments to the jury that are antagonistic to Benjamin Delo.
    G. What motions to file on your behalf.
    H. Which arguments to make to me, and what facts to bring to my attention, at your sentencing, if you are convicted
22. Do you understand these examples I have given? Do any of the examples concern you? Why not?
23. Are you aware that, if convicted, you will not be able to appeal on any of the issues that I've discussed with you if you elect to waive the potential problems associated with Mr. Smith's restrictions on his representation of you and elect to continue to retain Mr. Smith

      as your attorney in this case? Do you understand that an appellate court would take into account your consent to his continued representation of you and hold that you have given up your right to complain of any problems associated with Mr. Smith's restrictions on their representation of you?

24. Having considered the ways in which Mr. Smith's restrictions on his representation of you may affect his representation of you, do you still wish to proceed in this case with Mr. Smith as your attorney?
25. Do you understand that if you proceed with Mr. Smith as your attorney, you will not be able to claim later on that you were prejudiced in any way because of Mr. Smith's restrictions on his representation of you?
26. Have you received any inducement or promise that may have influenced your decision on this issue?
27. Have you received any inducement, promises, or threats that may have influenced your choice of counsel in this case?
28. Have you been threatened in any way concerning your decision on this issue?
29. Is there anything that the Court has said that you wish to have explained further?

Honorable John G. Koeltl
February 28, 2022
Page 7 of 9

## Proposed Examination of Benjamin Delo

<u>Introductory Matters</u>

1. How old are you?
2. How far did you go in school?
3. Do you presently consult a doctor, psychiatrist, or medical professional for any condition?
4. Within the last 24 hours, have you taken any alcohol, drugs or pills of any kind?
5. Are you feeling well enough to proceed with this hearing today?

<u>Right to Conflict-Free Counsel</u>

6. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost. Do you understand?
7. It is essential to the idea of an adequate defense in a criminal proceeding that your attorneys have no conflicts or adverse interests of any kind. That is to say, they cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?
8. This Court -- having presided as the judge in many trials in this courthouse -- believes that representation where there is a potential conflict of interest may be ill-advised. Do you understand that?

<u>Current Representation</u>

9. Are you currently represented by Patrick Smith?
10. Have you been satisfied with Mr. Smith's representation so far in this case?
11. Has Mr. Smith represented you in matters that occurred before this one? If so, how many?
12. Were you satisfied with Mr. Smith's representation of you in each of the prior matters?

<u>Considerations Regarding Mr. Smith's Representation of Samuel Reed</u>

13. Do you understand that Mr. Smith wishes to also represent Samuel Reed in this case?
14. Do you understand that Mr. Smith will have a duty of loyalty to Samuel Reed and cannot use any information he obtains from Samuel Reed while representing you in this matter?
15. Do you understand that Mr. Smith is required by his duty of loyalty to serve your best interests as well as the best interests of his new client, Samuel Reed?
16. Do you understand that, at some point in this case, your interests may become adverse to Samuel Reed's, in light of information or confidences you may have shared with Mr. Smith in his representation of you?

17. Do you understand if you consent to Mr. Smith's representation of Samuel Reed, he cannot advise or help you in doing anything that would hurt Samuel Reed, even if it is in your best interest to do so?
18. Do you understand that I will be the Judge imposing sentence upon you?
19. Do you understand that Mr. Smith may have to refrain from making certain arguments at your sentencing, or at some other proceeding, regarding the evidence in this case, even though such arguments may be beneficial to you, because of his representation of Samuel Reed?
20. So that the Court may be sure that you fully understand these issues, please describe in your own words your understanding of the potential problems created by Mr. Smith's role as your attorney in this case and his representation of Samuel Reed.
21. Have you had the opportunity to speak with Mr. Smith about the conflict-of-interests issues that arise because of his representation of Samuel Reed?

General Considerations

22. With respect to all of the issues I've just discussed, do you understand that you have a right to consult with a lawyer other than Mr. Smith to help you determine whether you wish Mr. Smith to represent you in this case?  Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so?  Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about these issues and/or to represent you?
23. It is important that you understand that no one can predict with any certainty the course that this case will take or how the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's ability to represent you.  Do you understand that?
24. Do you understand that the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's representation of you in this case in ways that we have not yet discussed?  For example, do you understand that the restrictions on Mr. Smith may affect the way that Mr. Smith consider which arguments to make to me, and what facts to bring to my attention, at your sentencing?
25. Do you understand the example I have given?  Does this example concern you?  Why not?
26. Are you aware that you will not be able to appeal on any of the issues that I've discussed with you if you elect to waive the potential problems associated with Mr. Smith's restrictions on his representation of you and consent to Mr. Smith representing Samuel Reed in this case?  Do you understand that an appellate court would take into account your consent and hold that you have given up your right to complain of any problems associated with Mr. Smith's restrictions on their representation of you?
27. Having considered the ways in which Mr. Smith's restrictions on his representation of you may affect his representation of you, do you still wish to provide your consent for Mr. Smith to be Samuel Reed's attorney in this case?
28. Do you understand that if you consent to Mr. Smith's representation of Samuel Reed in this case, you will not be able to claim later on that you were prejudiced in any way because of Mr. Smith's restrictions on his representation of you?
29. Have you received any inducement or promise that may have influenced your decision on this issue?

Honorable John G. Koeltl
February 28, 2022
Page 9 of 9

30. Have you received any inducement, promises, or threats that may have influenced your choice of counsel in this case?
31. Have you been threatened in any way concerning your decision on this issue?
32. Is there anything that the Court has said that you wish to have explained further?