# SMITH | VILLAZOR

Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.smithvillazor.com

**PATRICK J. SMITH**
T  212 582 4400
patrick.smith@smithvillazor.com

March 1, 2022

*Via ECF*

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Benjamin Delo, No. 20 Cr. 500 (JGK)**

Dear Judge Koeltl:

      We are providing with this letter suggested revisions to the government's proposed *Curcio* examination of Benjamin Delo.  These revisions, as with the revisions to defendant Reed's proposed examination, similarly address the availability of co-counsel, in this instance Harlan Levy at Foley Hoag LLP, to address and mitigate any potential conflicts of interest arising from our representation of Mr. Reed.  Foley Hoag will be able to advance any and all arguments with respect to sentencing free of any potential conflict.  As the conflict waiver letter indicates, Mr. Levy has conferred with Mr. Delo and advised him with respect the waiver and Mr. Delo's informed consent to the simultaneous representation of Mr. Reed.  We also incorporate by reference our letter filed earlier today in connection with Mr. Reed's proceeding.

      Mr. Delo and Mr. Levy will appear telephonically today at 3 pm.

      Respectfully submitted,

      */s/ Patrick J. Smith*

      Patrick J. Smith

Hon. John G. Koeltl

March 1, 2022
Page 2

cc: AUSA Jessica Greenwood
AUSA Samuel Raymond
AUSA Thane Rehn
Douglas Yatter, Esq.
Benjamin Naftalis, Esq.
Harlan Levy, Esq.

Hon. John G. Koeltl  March 1, 2022
Page 3

**Proposed Revised *Curcio* Examination of Benjamin Delo**

Introductory Matters

1. How old are you?

2. How far did you go in school?

3. Do you presently consult a doctor, psychiatrist, or medical professional for any condition?

4. Within the last 24 hours, have you taken any alcohol, drugs or pills of any kind?

5. Are you feeling well enough to proceed with this hearing today?

Right to Conflict-Free Counsel

6. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in theseproceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost. Do you understand?

7. It is essential to the idea of an adequate defense in a criminal proceeding that your attorneys have no conflicts or adverse interests of any kind. That is to say, they cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

8. This Court -- having presided as the judge in many trials in this courthouse -- believes that representation where there is a potential conflict of interest may be ill-advised. Do you understand that?

9. I note that you have been, and still are represented by Mr. Levy of Foley Hoag LLP. Is it your intention to have Mr. Smith and his firm serve as co-counsel alongside Foley Hoag? Have you had the opportunity to confer with Mr. Levy about Mr. Smith and his firm serving as co-counsel at your upcoming sentencing?

Current Representation

10. Are you currently represented by both Harlan Levy at Foley Hoag and Patrick Smith at Smith Villazor?

11. Have you been satisfied with each firm's representation so far in this case?

12. Has Mr. Levy represented you in matters that occurred before this one? If so, how many? Has Mr. Smith represented you in matters that occurred before this one? If so, how many

Hon. John G. Koeltl  March 1, 2022
Page 4

13. Were you satisfied with Mr. Levy and Mr. Smith's representation of you in each of the prior matters?

<u>Considerations Regarding Mr. Smith's Representation of Samuel Reed</u>

14. Do you understand that Mr. Smith wishes to also represent Samuel Reed in this case?

15. Do you understand that Mr. Smith will have a duty of loyalty to Samuel Reed and cannot use any information he obtains from Samuel Reed while representing you in this matter?

16. Do you understand that Mr. Smith is required by his duty of loyalty to serve your best interests as well as the best interests of his new client, Samuel Reed?

17. Do you understand that absent informed consent from you, Mr. Smith would not be able to use confidential information from you to assist in the defense of Mr. Reed?

18. Have you consented to Mr. Smith using confidential information received from you in Mr. Smith's representation of Mr. Reed?

19. As part of the joint defense arrangement, had you previously authorized Mr. Smith to share confidential information you provided Mr. Smith with Mr. Reed's lawyers at Latham & Watkins?

20. Do you understand that, at some point in this case, your interests may become adverse to Samuel Reed's, in light of information or confidences you may have shared with Mr. Smith in his representation of you?

21. Do you understand if you consent to Mr. Smith's representation of Samuel Reed, he cannot advise or help you in doing anything that would hurt Samuel Reed, even if it is in your best interest to do so?

22. Do you understand that I will be the Judge imposing sentence upon you?

23. Do you understand that Mr. Smith may have to refrain from making certain arguments at your sentencing, or at some other proceeding, regarding the evidence in this case, even though such arguments may be beneficial to you, because of his representation of Samuel Reed?

24. Is it your understanding that, with respect to any argument that Mr. Smith and his firm may not be able to make on your behalf, that Foley Hoag would be free to make that argument on your behalf?

25. So that the Court may be sure that you fully understand these issues, please describe in your own words your understanding of the potential problems created by Mr. Smith's role as your attorney in this case and his representation of Samuel Reed?

26. Have you had the opportunity to speak with Mr. Levy about the conflict-of-interests issues that arise because of his representation of Samuel Reed?

Hon. John G. Koeltl  March 1, 2022
Page 5

General Considerations

27. With respect to all of the issues I've just discussed, do you understand that you have a right to consult with a lawyer other than Mr. Smith to help you determine whether you wish Mr. Smith to represent you in this case? Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about these issues and/or to represent you?

    [*These questions appear to be unnecessary in light of Foley Hoag's ongoing representation*]

28. It is important that you understand that no one can predict with any certainty the course that this case will take or how the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's ability to represent you. Do you understand that?

29. Do you understand that the restrictions on Mr. Smith's ability to represent you may adversely affect Mr. Smith's representation of you in this case in ways that we have not yet discussed? For example, do you understand that the restrictions on Mr. Smith may affect the way that Mr. Smith consider which arguments to make to me, and what facts to bring to my attention, at your sentencing?

30. Do you understand the example I have given? Does this example concern you? Why not?

31. Are you aware that you will not be able to appeal on any of the issues that I've discussed with you if you elect to waive the potential problems associated with Mr. Smith's restrictions on his representation of you and consent to Mr. Smith representing Samuel Reed in this case? Do you understand that an appellate court would take into account your consent and hold that you have given up your right to complain of any problems associated with Mr. Smith's restrictions on their representation of you?

32. Having considered the ways in which Mr. Smith's restrictions on his representation of you may affect his representation of you, do you still wish to provide your consent for Mr. Smith to be Samuel Reed's attorney in this case?

33. Do you understand that if you consent to Mr. Smith's representation of Samuel Reed in this case, you will not be able to claim later on that you were prejudiced in any way because of Mr. Smith's restrictions on his representation of you?

34. Have you received any inducement or promise that may have influenced your decision on this issue?

35. Have you received any inducement, promises, or threats that may have influenced your choice of counsel in this case?

Hon. John G. Koeltl                                                          March 1, 2022
                                                                             Page 6

36. Have you been threatened in any way concerning your decision on this issue?

37. Is there anything that the Court has said that you wish to have explained further?